UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CAMELA J. MARSHALL, INDIVIDUALLY AND IN HER CAPACITY AS TRUSTEE OF THAT CERTAIN UNRECORDED LIVING TRUST DATED JULY 3, 1996; STATE OF HAWAII—DEPARTMENT OF TAXATION; US BANK, N.A; and THE CITY AND COUNTY OF HONOLULU<br><br>　　　　　　Defendants. | CIV. NO. 21-00328 LEK-RT |

**ORDER: DISMISSING REMAINING PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND ENTER DECLARATORY JUDGMENT RELATED TO REAL PROPERTY; AND DIRECTING THE ENTRY OF FINAL JUDGMENT**

The operative pleading in this case is Plaintiff United States of America's ("United States") First Amended Complaint to Reduce Federal Tax Assessments to Judgment and Enter Declaratory Judgment Related to Real Property, filed on August 20, 2021 ("Amended Complaint"). [Dkt. no. 10.] The United States' claims against two of the defendants named in the Amended Complaint, Defendant U.S. Bank, N.A. ("U.S. Bank") and Defendant City and County of Honolulu ("the City"), were previously dismissed without prejudice. See Stipulated Acknowledgment of Liens and Dismissal Without Prejudice of Defendants U.S. Bank, N.A., and City and County of Honolulu,

filed 11/22/21 (dkt. no. 25). On February 24, 2023, a Judgment was entered between the United States and Defendant Camela J. Marshall, individually and in her capacity as Trustee of that Certain Unrecorded Living Trust Dated July 3, 1996 ("Marshall" and "Marshall Judgment"). [Dkt. no. 59.] U.S. Bank, the City, and Marshall have therefore been terminated as parties to this case. The only portion of the Amended Complaint that remains is the United States' claims against Defendant State of Hawai`i – Department of Taxation ("DOTAX").

This Court directed the United States and DOTAX to file letter briefs addressing the issue of whether the entire matter could be dismissed. See Minute Order - EO: Court Order Directing Plaintiff and Defendant State of Hawai`i - Department of Taxation to Submit Letter Briefs Addressing the Court's Concerns Regarding Plaintiff's Status Report, filed 3/21/23 (dkt. no. 66). The United States and DOTAX filed a joint brief on March 29, 2023 ("Joint Brief"). [Dkt. no. 67.]

The Joint Brief states that, when the United States and DOTAX entered into a stipulation establishing the priority of their respective liens on Marshall's Ewa Beach property that was at issue in this case ("the Property"), "the United States obtained the relief it sought against DOTAX." See Joint Brief at 4; see also Stipulation as to Priority Between the United States and the State of Hawaii - Department of Taxation, filed

2

12/8/21 (dkt. no. 29) ("DOTAX Stipulation"). Because the United States concedes that it has obtained the only relief that the Amended Complaint sought against DOTAX, there are no claims or issues remaining for this Court to resolve between the United States and DOTAX.

> Nevertheless, the United States does
>
> not request[] that the Court dismiss this case. Instead, the United States has requested that the Court close this case while Ms. Marshall complies with the terms of the settlement agreement between her and the United States. Should Ms. Marshall default on her settlement agreement, the United States may request that the Court reopen this case, so that the United States may enforce its judgment against Ms. Marshall.

[Joint Brief at 2-3.] Such enforcement may require the sale of the Property, which would require "[t]he participation of DOTAX (and the other lien holders)." [Id. at 3.] The United States "is currently not requesting that the Court order sale of the Ewa Beach Property and is optimistic that such an order will not be necessary." [Id.] However, the United States argues, and DOTAX agrees, that the case should only be administratively closed because the sale of the Property may be required in the future. See id.

The Marshall Judgment: 1) determined that Marshall is indebted to the United States in the amount of $211,229.91 in federal income taxes and penalties, as of December 2, 2022; 2) entered judgment in the United States' favor for that amount,

3

plus interest and other additions, until paid; 3) determined that Marshall is the owner of the Property; 4) determined that the United States' tax liens and civil penalty assessments identified in the Judgment attach to the Property; and 5) noted that the United States and Marshall agreed to bear their own attorney's fees and costs in this action.  See Marshall Judgment at 2-4.  The Marshall Judgment **did not** incorporate any portion of the settlement agreement between the United States and Marshall, nor did the Marshall Judgment include a statement that this Court reserves jurisdiction to enforce the settlement agreement.  Because the Judgment does not include such terms, if Marshall violates the settlement agreement, an attempt to enforce the settlement agreement would not constitute an attempt to enforce the Marshall Judgment.

In the related context of a court-approved stipulation to dismiss, the United States Supreme Court stated:

> If the parties **wish** to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.  When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order.  Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms

4

> empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

<u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 381–82, (1994) (emphasis in original).  The same analysis applies here.  The Marshall Judgment neither embodies the settlement agreement between the United States and Marshall, nor does the Marshall Judgment state that this Court retains jurisdiction over the settlement agreement.  If an action to enforce the settlement agreement is necessary, the United States must file a separate action.  Therefore, this Court cannot leave this case pending indefinitely (albeit administratively closed) because of the mere possibility that Marshall might breach the settlement agreement and that the sale of the Property might be necessary.

## **CONCLUSION**

Because there are no remaining issues for this Court to decide regarding the United States' claims against DOTAX (which is the only remaining defendant in this case), the First Amended Complaint to Reduce Federal Tax Assessments to Judgment and Enter Declaratory Judgment Related to Real Property, filed August 20, 2021 is HEREBY DISMISSED.  The Clerk's Office is

DIRECTED to enter final judgment and close the case on **May 2, 2023,** unless a timely motion for reconsideration of this Order is filed.

The final judgment shall be in favor of the United States, pursuant to:

- the Stipulated Acknowledgment of Liens and Dismissal Without Prejudice of Defendants U.S. Bank, N.A., and City and County of Honolulu; [filed 11/22/21 (dkt. no. 25);]

- the Stipulation as to Priority Between the United States and the State of Hawaii - Department of Taxation; [filed 12/8/21 (dkt. no. 29);]

- the Judgment between the United States and Defendant Camela J. Marshall, individually and in her capacity as Trustee of that Certain Unrecorded Living Trust Dated July 3, 1996; [filed 2/24/23 (dkt. no. 59);] and

- the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 17, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. CAMELA J. MARSHALL, ETC., ET AL; CV 21-00328 LEK; ORDER: DISMISSING REMAINING PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND ENTER DECLARATORY JUDGMENT RELATED TO REAL PROPERTY; AND DIRECTING THE ENTRY OF FINAL JUDGMENT**